IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael A. Wilcox, et al.,            Case No. 3:12CV2103

    Plaintiff

    v.                                 **ORDER**

Cedar Point, Inc., et al.,

    Defendant

       This is a diversity personal injury suit. Plaintiff Tiffany Wilcox claims she was injured when something smashed her hand on October 25, 2008, while she was going through a haunted house at the Cedar Point amusement park in Sandusky, Ohio. Pending is defendant Cedar Point's motion for summary judgment (Doc. 24). For the reasons that follow, I deny the motion.

       Tiffany, then aged seventeen, was at the head of a group going through the haunted house. As she was about to complete her tour, something smashed her hand. She immediately reported the injury to Cedar Point authorities and thereafter went to a hospital emergency room.

       She does not know what caused her injury. The room where it happened was dark. Two volunteers were working at the haunted house. Once came to her very shortly after the injury and took her out a side exit.

       The gravamen of defendant's motion is that it cannot be liable without evidence of an actual connection between Tiffany's injury and something under its control that it knew or should have known posed a danger to persons passing through the haunted house. Defendant correctly argues

that it was not an insurer, and is not strictly liable without some fault on its part that proximately caused the injury. *E.g., Menifee v. Ohio Welding Products, Inc.,* 15 Ohio St. 3d 75, 77 (1984) (stating elements of negligence).

In defendant's view, attribution of breach and proximate cause to it would be no more than an exercise in speculation.

In response, plaintiff has submitted the affidavit of Andrew Mackanin. He states that during the Fall of 2008, he and some of his fraternity brothers were volunteers in the Cedar Point haunted house. He worked there about the time of Tiffany's injury. Part of a volunteer's job was to make noise using plastic barrels to scare the patrons passing through. To do so, the volunteer would raise and drop the barrels. He identified photos of barrels like those he and others used.

He recalls a report of someone being injured. Thereafter, a supervisor told him and the other volunteers not to use the barrels. He had previously discontinued using them himself, as he realized that someone could be hurt. (Doc. 40-4 at 2).

Though defendant argues that this does not suffice to raise an issue of genuine fact, I disagree. By focusing on Tiffany's acknowledged inability to say just how she was injured, defendant ignores the inferences that a rational jury could draw from facts viewed in plaintiffs' favor: 1) the fact of the injury while on defendant's premises; 2) the plaintiff was walking with her hand extended to guide her in the darkness; 3) the darkness itself of the location where the injury occurred, which precluded a specific, immediate, and irrefutable identification of what caused the injury; 4) the presence of items, then in use, that, in the view of a person familiar with those items and their operation, and who was at the time acting on the defendant's behalf, created a foreseeable risk of injury; 5) injury consistent with the nature of that risk; 5) the affiant's awareness of an injury

to someone; 6) a supervisor's subsequent instruction not to use the suspect devices; and 7) the absence of noise, which had been present at the time of the injury, during a second visit to the haunted house (undertaken to try to determine how the injury had occurred).

A rational jury could find, if it credited Mackanin's testimony, that plaintiff had eliminated, as possible causes of her injury, other non-negligent actions and those of third parties. Thereby, assuming plaintiff had to meet the test of *Loura v. Adler*, 105 Ohio App. 3d 634, 638 (1995), she would have done so.[1]

It is, accordingly,

ORDERED THAT defendant's motion for summary judgment (Doc. 24) be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] I am not entirely persuaded that plaintiff must meet the *Loura* standard, which is something akin to the differential diagnosis often needed in a toxic tort case. In light of the Mackanin affidavit, there is no question that plaintiff has shown conventional breach of duty (presence and use of a potentially dangerous instrumentality) and proximate cause (injury of the sort that negligent use of that instrumentality was capable of inflicting). I make no ruling in this regard, as the *Loura* test may, as both parties assume, be the applicable standard. If it is, I conclude that plaintiff's evidence, despite her own ignorance of the source and mechanism of her injury, suffices to get her case to the jury on its merits.